956 F.2d 1163
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Judy Beth WAGONER; Gregory R. Wagoner, Plaintiffs-Appellants,
v.
STONE & THOMAS, a corporation having its principal offices
and authorized to do business in the State of West Virginia;
Barbara Ferguson, individually and in her capacity as an
employee of Stone & Thomas, Defendants-Appellees.
 No. 91-2546.
 United States Court of Appeals, Fourth Circuit.
 Argued Feb. 5, 1992.
Decided March 11, 1992.
 
 Appeal from the United States District Court for the Southern District of West Virginia, at Huntington. Robert J. Staker, District Judge. (CA-90-866-3)
 Argued: J. Steven Hunter, Steve Hunter Associates, L.C., Lewisburg, W.Va., for appellants; Anthony J. Magestro, Jackson & Kelly, Charleston, W.Va., for appellees.
 On Brief: Stephen R. Crislip, Jackson & Kelly, Charleston, W.Va., for appellees.
 S.D.W.Va.
 AFFIRMED.
 Before WIDENER and HAMILTON, Circuit Judges, and THOMAS SELBY ELLIS, III, United States District Judge for the Eastern District of Virginia, sitting by designation.
 OPINION
 PER CURIAM:
 
 
 1
 Judy and Gregory Wagoner appeal the district court's order granting defendant Barbara Ferguson's and defendant Stone & Thomas'[1] motion to dismiss plaintiffs' complaint for failure to state a cause of action upon which relief may be granted. Fed.R.Civ.Proc. 12(b)(6). The district court determined that plaintiffs' complaint, purporting to state a cause of action under 42 U.S.C. § 1983 based on Ferguson's detention of Judy Wagoner in a Stone & Thomas store, failed to state a claim because plaintiffs could not prove "state action," a necessary element of the alleged cause of action.[2] After reviewing the record and hearing oral arguments, we are convinced that the district court properly concluded that the Wagoners could not demonstrate "state action" given the allegations in their complaint. Accordingly, we affirm on the findings and reasoning of the district court. Wagoner v. Stone & Thomas, No. CA-90-866-3 (S.D.W.Va. April 16, 1991).
 
 
 2
 AFFIRMED.
 
 
 
 [1]
 Stone & Thomas is a West Virginia corporation engaged in the retail sales business. Ferguson is a security guard employed by Stone & Thomas
 
 
 [2]
 Though not stated in the complaint, plaintiffs are apparently attempting to assert a claim for illegal seizure under the Fourth Amendment as made applicable to the states through the Fourteenth Amendment. Mapp v. Ohio, 367 U.S. 643 (1961)